# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ALLEN THOMAS, | ) | 1:07-cv-01132-OWW-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION AS DUPLICATIVE (Doc. 11) |
| VICTOR M. ALMAGER, | ) ) | |
| Respondent. | ) ) ) | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 6, 2007, Petitioner filed the instant petition. (Doc. 1). On August 13, 2007, Petitioner filed a virtually identical petition in this Court in case number 1:07-cv-01174-LJO-DLB. Although the two handwritten petitions are not entirely identical, with the exception of several insignificant handwritten differences, they both raise identical issues and reference identical facts.

In case number 1:07-cv-01174-LJO-DLB, the Court ordered Respondent to file a response on August 21, 2007. (Doc. 4). On November 15, 2007, Respondent filed an answer to the merits of the petition. (Doc. 9). On March 3, 2008, Petitioner filed his traverse. (Doc. 13). On June 30, 2008, the Court issued findings and recommendations. (Doc. 14).

In this case, the Court ordered Respondent to file a response on November 28, 2007. (Doc. 7). On January 11, 2008, Respondent filed the instant motion to dismiss, contending that

1

the case should be dismissed because it was identical to case number 1:07-cv-01174-LJO-DLB. (Doc. 11).

**DISCUSSION**

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and [ ] litigat[ing] piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668 (9th Cir.1969) (per curiam)).

In assessing whether a second action is duplicative of the first, the Court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the Court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the Court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

Here, the Court has examined the petitions in both cases and has concluded that they are, for all relevant legal purposes, identical in terms of parties, legal claims, and factual bases. The normal procedure in such situations would be to dismiss the later-filed petition. However, since

1 that case has already proceeded to the merits, and since Respondent has already filed the instant
2 motion to dismiss in the earlier-filed case, judicial economy militates in favor of granting the
3 motion to dismiss the earlier-filed petition rather than consolidating the cases and
4 administratively closing the later-filed case.

## RECOMMENDATIONS

Accordingly, the Court hereby RECOMMENDS that Respondent's motion to dismiss the petition as duplicative (Doc. 11), be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 23, 2008**                              /s/ Theresa A. Goldner
                                                       UNITED STATES MAGISTRATE JUDGE